**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DARRYL GAGE,<br>on behalf of himself and a class, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| ALLSTATE CHECK SERVICES, LLC,<br>doing business as ALLSTATE CHECK<br>RECOVERY and ACS GROUP,<br>BRIAN MCKEON, ANGEL LOPEZ,<br>FELIX LOPEZ and<br>DOES 1-10. | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Darryl Gage brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Allstate Check Services, LLC, doing business as Allstate Check Recovery and ACS Group ("ACS"), and its officers Brian McKeon, Angel Lopez, and Felix Lopez.  Plaintiff alleges violations of the Illinois Collection Agency Act, 225 ILCS 425/9 ("ICAA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), the Illinois Interest Act, 815 ILCS 205/4 ("IIA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and collection of unlawful debts in violation of RICO, 18 U.S.C. §1964.

### VENUE AND JURISDICTION

2.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 18 U.S.C. §1964 (RICO), and U.S.C. §§1331, 1337 and 1367.

3.      Venue and personal jurisdiction in this District are proper because:

        a.      Defendants' collection communications were received by plaintiff within this District;

1

b.      Defendants do or transact business within this District.

4.      Further, Brian McKeon, Angel Lopez, and Felix Lopez are subject to nationwide venue and personal jurisdiction under 18 U.S.C. §1965.

## PARTIES

5.      Plaintiff is an individual who resides in the Northern District of Illinois.

6.      Defendant ACS is a limited liability company organized under South Carolina law with its principal place of business in South Carolina.  Its registered agent and office is Angel Lopez, 1750 Highway 160 West, #320, Fort Mill, SC 29708.

7.      ACS is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

8.      ACS is a debt collector as defined in the FDCPA.

9.      Defendant Brian McKeon is, according to the corporate records of Allstate Check Services, LLC, its Chief Executive Officer. He has signature authority on its accounts. He may be found at 1750 Highway 160 West, #320, Fort Mill, SC 29708.

10.     Defendant Angel Lopez is, according to the corporate records of Allstate Check Services, LLC, its organizer as well as its registered agent.  His address is listed as 1750 Highway 160 West, #320, Fort Mill, SC 29708.

11.     Defendant Felix Lopez is the Vice President of Allstate Check Services, LLC.  His address is listed as 775 Addison Drive, 2nd Floor, Rock Hill, SC 29730.

12.     McKeon, Lopez and Lopez authorized and directed ACS to (a) acquire portfolios of usurious loans and (b) collect them.

13.     Defendants Does 1-10 are other persons associated with ACS who caused it to collect usurious loans.

## FACTS

14.     Defendant ACS has been attempting to collect from plaintiff an alleged payday loan debt incurred for personal, family or household purposes, and allegedly made by

"Shoreline Online LLC" ("Shoreline").

15.     In order to collect plaintiff's alleged payday loan debt, on or about October 10,2012, a representative of ACS called plaintiff at his place of employment and told plaintiff that he would be served with a summons if he did not make payment within less than 24 hours.

16.     Plaintiff was intimidated and agreed to pay $390 that day.

17.     In fact, the representation made to plaintiff was false.  No lawsuit against plaintiff was pending.  No lawsuit against plaintiff was authorized or intended.  Furthermore, since the loan defendant was seeking to collect was usurious, no lawsuit could have been successfully maintained.

18.     Plaintiff's bank had difficulty transferring the funds prior to 9 a.m. the next morning, October 11, 2012.  Plaintiff informed ACS and ACS agreed to honor the deal if funds were transferred the next morning.

19.     On October 11, 2012, ACS debited plaintiff's bank account for $400 instead of $390.

20.     ACS sent plaintiff the letter attached as Exhibit A.

21.     When plaintiff complained about the extra $10 being taken, ACS claimed that the $10 was a "late fee."

22.     On information and belief, defendant ACS obtained one or more portfolios of payday or high-interest loans made by Shoreline and others to collect.

23.     On information and belief, Shoreline made high-interest loans over the Internet to Illinois residents.

24.     On information and belief, Shoreline sought out Illinois residents for such loans.

25.     On information and belief, Shoreline was never licensed to make loans by the Illinois Department of Financial and Professional Regulation.

3

26.     All loans made by the lender were made at an annual percentage rate exceeding the 9% that a non-bank lender that does not have a license from the Illinois Department of Financial and Professional Regulation may charge for a loan made to an Illinois resident.

27.     All such loans were unlawful and unenforceable.

28.     Plaintiff alleges that all loans made by unlicensed lenders to Illinois residents are illegal and that no collection activity on such loans is legal.

29.     Defendants knew or recklessly disregarded the fact that the loans ACS was attempting to collect were unenforceable.

30.     The Illinois Department of Financial and Professional Regulation has posted notices on its Web site concerning the making of payday and high-interest loans to Illinois residents by unlicensed lenders located in other states and foreign countries, along with at least one order finding that such unlicensed loans were unlawful (See Exhibits B-E).

## COUNT I – FDCPA – CLASS CLAIM

31.     Plaintiff incorporates paragraphs 1-30.  This claim is against ACS.

32.     Allstate Check Services, LLC violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1) by:

a.      Attempting to collect illegal payday loans;

b.      Falsely representing such loans to be legally enforceable debts;

c.      In the case of plaintiff, taking more money from plaintiff's account than had been agreed to;

d.      Making false representations regarding the urgency of taking action, such as the statement to plaintiff that he would be served if payment was not made the same day, designed to prevent consumers from investigating and determining that the loans defendant was seeking to enforce were not legally enforceable.

4

33.     Section 1692e provides:

**§ 1692e.      False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of--**

**(A)      the character, amount, or legal status of any debt; . . .**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

34.     Section 1692f provides:

**§ 1692f.      Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.   Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

## CLASS ALLEGATIONS

35.     Plaintiff brings this claim on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

36.     The class consists of (a) all individuals with Illinois addresses (b) from whom defendant sought to collect a loan made at more than 9% interest (c) made by an entity which did not possess a bank charter and was not licensed by the Illinois Department of Financial and Professional Regulation (d) where any communication occurred on or after a date one year prior to the filing of this action.

37.     The class is so numerous that joinder of all members is not practicable.

5

38.    On information and belief, there are at least 40 individuals with Illinois addresses from whom defendant sought to collect a loan made at more than 9% interest by an entity which did not possess a bank charter and was not licensed by the Illinois Department of Financial and Professional Regulation, where any communication occurred on or after a date one year prior to the filing of this action.

39.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are whether defendant engages in a practice of attempting to collect illegal debts.

40.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

41.    Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

42.    A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.    Individual actions are not economically feasible;

    b.    Members of the class are likely to be unaware of their rights;

    c.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    (1)    Statutory damages;

    (2)    Actual damages including all amounts collected by defendant from members of the class;

    (3)    Attorney's fees, litigation expenses and costs of suit;

    (4)    Such other and further relief as the Court deems proper.

6

## COUNT II – ILLINOIS COLLECTION AGENCY ACT  – CLASS CLAIM

43.     Plaintiff incorporates paragraphs 1-30.  This claim is against ACS.

44.     Defendant is a "collection agency" as defined in the ICAA, 225 ILCS 425/1 et seq.

45.     Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**

**(26) Misrepresenting the amount of the claim or debt alleged to be owed. . . .**

46.     A private right of action exists for violation of the ICAA.  Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

### CLASS ALLEGATIONS

47.     Plaintiff brings this claim on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

48.     The class consists of (a) all individuals with Illinois addresses (b) from whom defendant sought to collect a loan made at more than 9% interest (c) made by an entity which did not possess a bank charter and was not licensed by the Illinois Department of Financial and Professional Regulation (d) where any communication occurred on or after a date 5 years prior to the filing of this action.

49.     The class is so numerous that joinder of all members is not practicable.

50.     On information and belief, there are at least 40 individuals with Illinois addresses from whom defendant sought to collect a loan made at more than 9% interest by an entity which did not possess a bank charter and was not licensed by the Illinois Department of Financial and Professional Regulation, where any communication occurred on or after a date 5 years prior to the filing of this action.

51.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common question is whether defendant engages in a practice of attempting to

7

collect illegal debts.

52.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

53.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and consumer credit litigation.

54.     A class action is superior for the fair and efficient adjudication of this matter, in that:

        a.     Individual actions are not economically feasible;

        b.     Members of the class are likely to be unaware of their rights.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

        (1)     Actual damages including all amounts collected by defendant from members of the class;

        (2)     Nominal damages;

        (3)     Punitive damages;

        (4)     Attorney's fees, litigation expenses and costs of suit;

        (5)     Such other and further relief as the Court deems proper.

## COUNT III – CONSUMER FRAUD ACT  – CLASS CLAIM

55.     Plaintiff incorporates paragraphs 1-30.  This claim is against all defendants.

56.     Defendants engaged in both unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by:

        a.     Attempting to collect illegal payday loans;

        b.     Falsely representing such loans to be legally enforceable debts.

57.     Defendants engaged in such conduct in the course of trade and commerce.

58.     Defendants knowingly or recklessly disregarded the unlawful nature of the

debts they sought to collect.

## CLASS ALLEGATIONS

59.     Plaintiff brings this claim on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(2).

60.     The class consists of (a) all individuals with Illinois addresses (b) from whom defendants have sought or will in the future seek to collect a loan made at more than 9% interest (c) made by an entity which did not possess a bank charter and was not licensed by the Illinois Department of Financial and Professional Regulation.

61.     The class is so numerous that joinder of all members is not practicable.

62.     On information and belief, there are at least 40 individuals with Illinois addresses from whom defendants have sought or will in the future seek to collect a loan made at more than 9% interest by an entity which did not possess a bank charter and was not licensed by the Illinois Department of Financial and Professional Regulation.

63.     Defendants have acted on a uniform basis with respect to plaintiff and the entire class, by attempting to collect loans which plaintiff and the class contend are unlawful.

64.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

65.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and consumer credit litigation.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

(1)     An injunction restraining defendant from receiving or attempting to collect money on account of loans made by unlicensed lenders to Illinois residents;

(2)     Disgorgement of all amounts collected by defendants from members of the class;

9

(3)     Nominal and punitive damages;

(4)     Attorney's fees, litigation expenses and costs of suit;

(5)     Such other and further relief as the Court deems proper.

## COUNT IV – INTEREST ACT  – CLASS CLAIM

66.     Plaintiff incorporates paragraphs 1-30.  This claim is against all defendants.

67.     Defendants violated 815 ILCS 205/4 by collecting interest in excess of the 9% permitted by Illinois law.

68.     Defendants are liable for statutory damages under 815 ILCS 205/6, which provides:

**Sec. 6. If any person or corporation knowingly contracts for or receives, directly or indirectly, by any device, subterfuge or other means, unlawful interest, discount or charges for or in connection with any loan of money, the obligor may, recover by means of an action or defense an amount equal to twice the total of all interest, discount and charges determined by the loan contract or paid by the obligor, whichever is greater, plus such reasonable attorney's fees and court costs as may be assessed by a court against the lender. The payments due and to become due including all interest, discount and charges included therein under the terms of the loan contract, shall be reduced by the amount which the obligor is thus entitled to recover. Recovery by means of a defense may be had at any time after the loan is transacted. Recovery by means of an action may be had at any time after the loan is transacted and prior to the expiration of 2 years after the earlier of (1) the date of the last scheduled payment of the loan after giving effect to all renewals or extensions thereof, if any, or (2) the date on which the total amount due under the terms of the loan contract is fully paid. A bona fide error in connection with a loan shall not be a violation under this section if the lender corrects the error within a reasonable time.**

**No person shall be liable under this Act for any act done or omitted in good faith in conformity with any rule, regulation, interpretation, or opinion issued by the Commissioner of Banks and Real Estate or the Department of Financial Institutions or any other department or agency of the State, notwithstanding that after such act or omission has occurred, such rule, regulation, interpretation, or opinion is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.**

## CLASS ALLEGATIONS

69.     Plaintiff brings this claim on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(2).

70. The class consists of (a) all individuals with Illinois addresses (b) from whom defendants have obtained payment in whole or in part (c) on a loan made at more than 9% interest (d) made by an entity which did not possess a bank charter and was not licensed by the Illinois Department of Financial and Professional Regulation (e) where any payment was made on or after a date 2 years prior to the filing of suit.

71. The class is so numerous that joinder of all members is not practicable.

72. On information and belief, there are at least 40 individuals with Illinois addresses from whom defendants have obtained payment in whole or in part on a loan made at more than 9% interest by an entity which did not possess a bank charter and was not licensed by the Illinois Department of Financial and Professional Regulation, where any payment was made within 2 years prior to the filing of suit.

73. Defendants have acted on a uniform basis with respect to plaintiff and the entire class, by attempting to collect loans which plaintiff and the class contend are unlawful.

74. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

75. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and consumer credit litigation.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

## COUNT V – RICO

76. Plaintiff incorporates paragraphs 1-30.

11

77.     This claim is against defendants Brian McKeon, Angel Lopez, Felix Lopez and Does.

78.     All loans and rollovers to Plaintiff and class members that Allstate Check Services, LLC attempted to collect were "unlawful debts" as defined in 18 U.S.C. §1961(6), in that each was  "(A) ...unenforceable under State... law in whole or in part as to principal or interest because of the laws relating to usury, and (B) ...was incurred in connection with... the business of lending money or a thing of value at a rate usurious under State... law, where the usurious rate is at least twice the enforceable rate." The enforceable rate was 9%.  All loans at issue were made at rates well in excess of 18% by entities in the business of making such loans.

79.     Defendants were persons employed by or associated with Allstate Check Services, LLC, within the meaning of 18 U.S.C. §1962(c).

80.     Allstate Check Services, LLC was an enterprise engaged in, or the activities of which affected, interstate commerce, in that it collected loans made via the Internet to persons located in various states.

81.     Defendants conducted Allstate Check Services, LLC's affairs through the collection of unlawful debts, in that they caused and directed Allstate Check Services, LLC to collect loans from Illinois residents that were made at more than 18% interest.

82.     Defendants knew that Allstate Check Services, LLC was collecting unlawful debts, since Allstate Check Services was previously sued on a similar claim.  Exhibit F.

83.     Plaintiff and each member of the class defined below was injured in his or her property by reason of such violation, in that they paid an unlawful debt.

## CLASS ALLEGATIONS

84.     Plaintiff brings this claim on behalf of a  class  pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

85.     The class consists of (a) all individuals with Illinois addresses (b) from whom defendants sought to collect a loan (c) made at more than 9% interest (d) made by an

entity which did not possess a bank charter and was not licensed by the Illinois Department of Financial and Professional Regulation (e) where any payment was made on or after a date four years prior to the filing of this suit.

86. The class is so numerous that joinder of all members is not practicable.

87. On information and belief, there are at least 40 individuals with Illinois addresses from whom defendants have sought to collect a loan made at more than 9% interest by an entity which did not possess a bank charter and was not licensed by the Illinois Department of Financial and Professional Regulation, where any payment was made on or after a date 4 years prior to the filing of suit.

88. There are questions of law and fact common to class members, which predominate over any questions that affect only individual class members. The predominant common question is whether defendants caused Allstate Check Services, LLC to collect loans made at more than 18% interest.

89. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and class action cases.

90. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

91. A class action is superior for the fair and efficient adjudication of this matter, in that:

  a. Individual actions are not economically feasible; and

  b. Members of the class are likely to be unaware of their rights.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

  (1) Statutory damages;

  (2) Attorney's fees, litigation expenses and costs of suit;

  (3) Such other and further relief as the Court deems proper.

13

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Sharon Goott Nissim
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Sharon Goott Nissim
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)